```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-22236-CIV-LENARD
                              MAGISTRATE JUDGE P.A. WHITE
```

CLAUDE E. ADSIDE, III,                :

    Plaintiff,                    :

v.                                    :   PRELIMINARY REPORT
                                                     OF MAGISTRATE JUDGE
OFFICER LEE FUNDERBURK, ET AL.,       :

    Defendants.                   :
_____

## I. Introduction

The plaintiff, Claude E. Adside, III has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983. [DE #1]. The plaintiff has been granted leave to proceed *in forma pauperis*.

This Cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding *in forma pauperis*.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

                                    \*   \*   \*

    (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

>     the court shall dismiss the case at any time
>     if the court determines that –
>
>              *   *   *
>
>     (B) the action or appeal –
>
>              *   *   *
>
>     (i)  is frivolous or malicious;
>
>     (ii) fails to state a claim on which
>     relief may be granted; or
>
>     (iii) seeks monetary relief from a
>     defendant who is immune from such
>     relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the

2

plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. <u>Id.</u> This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most

3

plausible or whether it is more likely that no misconduct occurred.[1]

The plaintiff names as defendants Miami-Dade Police Officers Lee Funderburk and Alexander Estevez. The plaintiff alleges that on December 12, 2008 following his arrest the officers dragged him along an asphalt driveway causing abrasions, scrapes and bleeding, rammed his head into the police car door, and punched and kicked him. He seeks monetary damages.

Claims of excessive force by police officers are cognizable under 42 U.S.C. §1983, as are claims that officers who were present failed to intervene. Fundiller v. City of Cooper City, 777 F.2d 1436 (11 Cir. 1985). "[C]laims of excessive force are to be judged under the Fourth Amendment's 'objective reasonableness' standard." Brosseau v. Haugen, 543 U.S. 194, 197 (2004) (citing Tennessee v. Garner, 471 U.S. 1 (1985) and Graham v. Connor, 490 U.S. 386 (1989)). Thus, "[t]he question is whether the officer's conduct is objectively reasonable in light of the facts confronting the officer." Vinyard v. Wilson, 311 F.3d 1340, 1347 (11 Cir. 2002). In this respect, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. at 396 (quotations omitted). This analysis "requires careful attention to the facts and circumstances of each particular case, including the

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396.  In addition, other considerations include: "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically." Hadley v. Gutierrez, 526 F.3d 1324, 1329 (11 Cir. 2008) (quotation omitted). In this respect, the Supreme Court has "recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396.

The plaintiff has raised sufficient facts to state a claim under the Twombly standard that the defendant police officers may have violated the plaintiff's Fourth Amendment rights by engaging in excessive force and causing physical injuries.

### III.  Conclusion

Based on the foregoing, it is recommended that:

1.   The Fourth Amendment excessive use of force claim proceed against Officers Funderburk and Estevez.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 5th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Claude E. Adside, III, Pro Se
    No. 080112744
    Detention Center
    13850 N.W. 41st Street
    Miami, FL 33178